

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

June 18, 1984

This Opinion Overrules Opinion ~~MW~~ - 379

Mr. John C. Wilson
Executive Director
State Commission for the Blind
P. O. Box 12866
Austin, Texas   78711

Opinion No. JM-167

Re: Whether the State Commission for the Blind may contract with private organizations to perform rehabilitative services for blind adults

Dear Mr. Wilson:

The General Appropriations Act of the Sixty-eighth Legislature includes the sum of $272,146 for older blind contract training in the appropriation to the State Commission for the Blind for each of the fiscal years ending August 31, 1984 and August 31, 1985. Acts 1983, 68th Leg., ch. 1095, art. II, §5c, at 5949. The Appropriations Act also contains the following rider:

> 9. It is the intent of the Legislature that out of funds appropriated above in item 5.c. Older Blind Contract Training an amount not to exceed $272,146 each fiscal year shall be expended for entering into a contract with the Texas Lions League or a similar organization to provide rehabilitative services to blind adults at the Texas Lions Camp for Crippled Children at Kerrville or at a similar facility located outside Austin. At the end of the 1984 fiscal year, the Executive Director of the State Commission for the Blind shall submit a fiscal report for consideration by the commission for continuation of such contract beyond the 1984-1985 biennium.

Acts 1983, 68th Leg., ch. 1095, art. II, §9, at 5954.

The Texas Lions League for Crippled Children is discontinuing its training program for older blind at Kerrville, Texas, on May 31, 1984. You ask whether the Commission for the Blind may use funds appropriated in item 5.c. to contract with Lighthouse organizations to perform rehabilitation services to blind adults. We conclude that the commission is authorized to expend item 5.c. funds with such organizations for older blind contract training.

The Texas Supreme Court has long construed article III, section 35 of the Texas Constitution to prohibit the enactment of general legislation in a general appropriations bill.  See Moore v. Sheppard, 192 S.W.2d 559, 561 (Tex. 1946); Attorney General Opinion V-1253 (1951).  Article III, section 35 provides, in part:

> [no] bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject . . . .

Therefore, as long as a general appropriations bill includes only subjects of appropriating money and limiting the use thereof in harmony with general legislation, it may relate to any number of different "subjects and accounts."  Attorney General Opinion V-1254 at 6 (1951).

It is well established that a rider to a general appropriation act is valid if its only effect is to "detail, limit or restrict the use of funds therein appropriated" and if it does not conflict with general legislation.  See Attorney General Opinions MW-585 (1982); M-1141 (1972); V-1254, V-1253 (1951).  Hence, the legislature cannot make mandatory by a general appropriation rider that which general law makes permissive or discretionary.  Attorney General Opinion MW-104 (1979).

The rider in question is not confined to detailing, limiting, or restricting the expenditure of the appropriated sum, but attempts to confer an affirmative duty on the commission to expend the appropriated funds to "enter into a contract with the Texas Lions League or a similar organization to provide rehabilitation services to blind adults at the Texas Lions Camp for Crippled Children at Kerrville or at a similar facility located outside Austin."  See Attorney General Opinions MW-585, MW-104, MW-51 (1979) (holding valid a rider that directed use of funds by state agency to construct building and holding invalid a rider directing state agency to take affirmative action to impose certain parking fees); cf. Coates v. Windham, 613 S.W.2d 572, 575-76 (Tex. Civ. App. - Austin 1981, no writ); but see Attorney General Opinion MW-389 (1981).  Section 91.052(b)(1) of the Human Resources Code places the decision to enter into such a contract within the discretion of the commission.  Section 91.052 provides, in pertinent part:

> (a)  The commission shall conduct a program to provide vocational rehabilitation services to eligible blind disabled individuals.

Mr. John C. Wilson - Page 3    (JM-167)

 

(b)  To achieve the purposes of the program, the commission may:

(1)  cooperate with other public and private agencies in studying the problems involved in providing vocational rehabilitation and in establishing, developing, and providing necessary or desirable facilities and services . . . .

Because the general appropriation rider in question attempts to make mandatory that which general law makes permissive or discretionary, we conclude that the rider is invalid general legislation contained in a general appropriation act in violation of article III, section 35 of the Texas Constitution. See Attorney General Opinion MW-585 (1979). We overrule the opinion contained in Attorney General Opinion MW-389 (1981).

Under the authority granted by section 91.052(b)(1) of the Human Resources Code, the commission, in its discretion, may use funds appropriated in article II, section 5.c. of the current general appropriations act to contract with public or private agencies to provide rehabilitation services to blind adults.

## S U M M A R Y

The State Commission for the Blind may use funds appropriated by article II, item 5.c., ch. 1095, at 5949 of the Sixty-eighth Legislature to contract with public or private agencies for older blind contract training. The rider relating to funds appropriated in item 5.c. violates article III, section 35, of the Texas Constitution, in that it attempts to make mandatory the entering of a contract which is permissible under general law. Attorney General Opinion MW-389 is overruled.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton